JOHN R. LATIMER Adm'r. d. b. n. of MARY RICHARDSON, dec'd.
*vs.* THOMAS PETERSON, terre tenant.

Payments by an executor or administrator towards a judgment recovered against the *decedent*, and existing as a lien at the time of his death, will prevent the presumption of payment arising from lapse of time.

Lands bound by judgment against the decedent, are bound in the hands of the heir or devisee by a judgment on a *sci. fa.* against the executor or administrator.

And there is no necessity of making the heir, devisee or terre tenant, a party in such *sci. fa.*

SCIRE facias to November term, 1835, on judgment No. 107, to May term, 1806.

Case stated.

"On the 10th of March, A. D. 1795, John Vandever gave his bond of that date to Mary Richardson for £134 currency, with interest from the date with warrant of attorney to confess judgment. Judgment was confessed May term, 1806, in favor of Henry Latimer, surviving administrator of Mary Richardson. A scire facias was issued upon this judgment to December term, 1807, and judgment rendered upon the scire facias at May term, 1809, upon which a fieri facias (vice comes) issued to December term, 1809. The interest had been paid from time to time, and on the 27th September, 1809, John Vandever, the defendant, paid the sum of $42 88 in full for two years interest, to the 10th day of March, 1809. John Vandever made his will on the 6th February, 1810, and died a few days afterwards, having devised his real estate to his two sons, Thomas Vandever and Peter Vandever; and made his son Thomas his sole executor. After the death of John Vandever, Thomas Vandever, his sole executor and one of his devisees, continued to pay the interest on the debt, and on the 14th July, 1827, paid $152 48 in full for interest to the 10th March, 1827. No subsequent payment has been made, but Thomas Vandever, the executor and one of the devisees, has repeatedly promised to pay the debt. Peter Vandever, the other

devisee, has in no mode recognized the existence of the claim.   The questions propounded to the court are; first, whether there is any ground for a legal presumption of payment of the judgment on the part of Peter Vandever from the lapse of time; and, secondly, if such legal presumption arises, whether it is not rebutted by the payments and promises of Thomas Vandever, the executor and other devisee.   The defendant, Thomas Peterson, one of the terre tenants, claims under Peter Vandever."

It was argued, on behalf of the plaintiff, that there was no bar arising from the lapse of time.   The judgment was existing at the death of John Vandever, and was a lien on all his lands.   The lien was not created by the executor but by the testator himself.   It was revived by *scire facias* and kept alive by *vice comes.   This prevented the legal presumption of payment, and the presumption of fact is rebutted by continual payments made by Thomas Vandever, the executor and one of the devisees of the land.   As executor he was bound to pay this judgment; the assets in his hands were applicable to it; and such payments recognize the existence of the judgment. The executor by submitting to arbitration, may even create a lien against his testator's estate; much more can he continue one in force by payments made in the regular administration of the assets in his hands.   The payment is a duty which he cannot omit.*

On the other hand it was contended,

That the acts of Thomas Vandever, either as executor or as one of the devisees, could not affect Peter Vandever the other devisee. He has never recognized this judgment during a period of twenty years, and as to him it must be presumed to be paid.   The executor cannot prevent the presumption which arises from lapse of time by any promise or payment.   Neither will his acknowledgment as devisee prejudice the other devisee.   As executor he is not entitled to possession of the land, and cannot bind the heir by any lien otherwise than in the modes specified by the act of assembly.   The admission of an administrator made in court, even his confession of judgment, will not bind the heir; how then can his acts in pais have that effect?

This is a *scire facias* against the heir.   He may plead any thing to it that he might have pleaded to the original judgment.   He pleads payment and relies on the presumption arising from lapse of time. The attempt is to rebut this presumption by the payments and admissions of the executor.   The acts of the executor in this respect are not binding on the heir.

*By the Court:*

J. M. CLAYTON, *Chief Justice.*—It appears from the record that

Thomas Vandever, the executor of John Vandever, deceased, is a party to this suit, and that judgment has been entered against him and two other terre tenants.

We are of opinion that there is no ground for a legal presumption of payment of the judgment on the part of Peter Vandever from the lapse of time. The executor was the proper person to pay the judgment. The land of the debtor was a fund in his hands for payment of the judgment, and the repeated acknowledgments and partial payments by the executor (to say nothing of the vice comes entered on the record) rebut any legal presumption of satisfaction made by him. Undoubtedly an executor cannot confess a judgment in an ordinary suit for a debt due from his testator, so as to bind the land in the hands of the heir or devisee, for the statute requires an award of referees or the verdict of a jury to create a new lien on the land of the deceased. But in this case the original judgment was a lien in the lifetime of the deceased; and if the executor has wasted the estate by these payments, or wrongfully acknowledged the judgment to be in force, he is answerable for it; but there can be no reason why his acts shall not be held all sufficient to keep alive the debt. Were it otherwise, no executor could by payment of interest or part payment of a judgment, save the estate of his testator from a ruinous sale by the creditor. The creditor could grant no indulgence although applied to by the trustee appointed by law to protect the assets, aided by part payments and promises to discharge the whole debt.

In the present case, therefore, we give judgment for the plaintiff; but we think it not amiss to add, that such a judgment is not necessary to authorize a sale of land in the hands of a devisee or heir. In that case, a judgment against the executor or administrator would be sufficient to justify a sale of all the lands of the deceased for the payment of a debt secured, as this was, by judgment in his lifetime.

Judgment for plaintiff.

*R. H. Bayard*, for plaintiff.
*J. A. Bayard*, for defendant.